1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALBERT ERVING, JR.,                        No.  2:14-cv-2670 AC P

12                    Plaintiff,

13         v.                                     ORDER

14    CDCR, et al.,

15                    Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, is incarcerated at the California Health Care

18    Facility (CHCF) in Stockton.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has

19    requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was

20    referred to the undersigned Magistrate Judge by Local Rule 302 pursuant to 28 U.S.C. §

21    636(b)(1).

22         Examination of the in forma pauperis application reveals that petitioner is unable to afford

23    the costs of suit.  However, because it is unclear whether petitioner's pleading was properly

24    framed as a civil rights complaint, rather than a petition for writ of habeas corpus, and the filing

25    costs associated with each pleading are different, the court will defer ruling on the application to

26    proceed in forma pauperis.

27         Review of the complaint and attached exhibits appears to demonstrate the following.

28    Plaintiff, who is now 65 years of age, was committed to the California Department of Corrections

1

1    and Rehabilitation (CDCR) in 1970 for an indeterminate life sentence following his conviction

2    for first degree murder.  Plaintiff now has several physical health problems, including dilated

3    cardiomyopathy and implacement of an automatic implantable cardioverter defibrillator (AICD),

4    chronic obstructive pulmonary disease (COPD), diabetes and hypertension.  He is also a

5    participant in CDCR's Mental Health Services Delivery System, recently at the Mental Health

6    Crisis Bed (MHCB) level of care.  Plaintiff also has a verified learning disability.  It appears that

7    plaintiff was denied parole in 1982, 1983, 1985, 1987, 1989, 1991, 1993, 1996, 2006 and 2009.

8    ECF No. 1 at 20, 24-5.

9           The instant complaint, against defendants CDCR and Brian Duffy, CHCF Warden, alleges

10   the following, ECF No. 1 at 3:

11
             The Eighth Amendment Right to the U.S. Constitution to be Free
             from Cruel and Unusual Punishment, by False Imprisonment of
12           close case without Abstract of Judgment when I was incarcerated
             on 1-11-76 and never appeared in court for Case Number A520896
13           during proceedings and is still being held kidnap for over 37 years
             past my release date of 7-19-76.  (Sic)
14

15   Plaintiff seeks declaratory relief and damages.  Attachments to the complaint include a copy of

16   the February 10, 2014 Three-Judge Court order in the class action Coleman v. Brown, Case No.

17   2:90-cv-00520 KJM DAD P, in which plaintiff draws the court's attention to the following two

18   provisions, ECF No. 1 at 10:

19
             Defendants shall also immediately implement the following
             measures:
20
             . . . (d)  In consultation with the Receiver's office, finalize and
21           implement an expanded parole process for medically incapacitated
             inmates;
22
             (e)  Finalize and implement a new parole process whereby inmates
23           who are 60 years of age or older and have served a minimum of
             twenty-five years of their sentence will be referred to the Board of
24           Parole Hearings to determine suitability for parole. . . .

25          Review of this and the other attachments to the complaint fails to clarify whether plaintiff

26   is challenging his underlying conviction, ongoing incarceration or the quality of his current

27   medical care.  Plaintiff recently filed a "Petition for Rehearing," which seeks habeas review.  See

28   ECF No. 6.  This filing states that plaintiff is unlawfully incarcerated on the following grounds:

1
2
3
4

> Petitioner could not in anyway shape or form be guilty of a 187 crime with no abstract of judgment, arrest records or trial records pointing to Petitioner's culpability in this accused of 187 murder charge. Further, Petitioner was incarcetated at the time of said crime being incarcerated for possession of substance abuse (marijuana). (Sic)

5   ECF No. 6 at 2.  The petition requests certification of this matter for transfer to the Court of

6   Appeal "to settle important questions of law."  Id. at 2-3.  Petitioner states that he "believes that

7   this Court has taken advantage of a mentally ill petitioner which is demonstrated by the evidence

8   included in the Petition for Writ of Habeas Corpus."  Id. at 3.

9       Review of plaintiff's filings in the California courts[1] indicates that an original habeas

10  petition was filed by petitioner in the California Supreme Court on November 10, 2014, and

11  denied on January 21, 2015.  However, plaintiff has submitted no exhibits that clarify the

12  substance of his state court petition.

13      Plaintiff is initially informed that this court has no authority to order that an inmate be

14  released under the guidelines set forth in Coleman.  As another magistrate judge in this district

15  has opined:

16
17
18
19
20
21
22

> A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." Fox v. Warden Ross Correctional Inst., 2012 WL 3878143, *2 (S.D. Ohio Sep.6, 2012). California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release. Gonzales v. Marshall, 2008 WL 5115882, *5 (C.D .Cal. Dec.4, 2008), citing Cal.Penal Code § 1170(d).

23  Tucker v. Department of Corrections, 2013 WL 1091282, *1 (E.D. Cal. Mar. 15, 2013) (Findings

24  and Recommendations by Hollows, M.J.), adopted Apr. 25, 2013 (Mendez, D.J.).  The

25

26  [1] This court may take judicial notice of its own records and the records of other courts.  See
United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631

27  F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
that are capable of accurate determination by sources whose accuracy cannot reasonably be

28  questioned).

1   appropriate avenue for seeking compassionate release appears to be set forth in California Code

2   of Regulations, tit. 15, § 3076 et seq. (Recall of Commitment Recommendation Circumstances).

3   However, claims that prison officials declined to follow this law are not cognizable in federal

4   court.  See Ransom v. Adams, 313 Fed. Appx. 948, 949, 2009 WL 498980, *1 (9th Cir. 2009)

5   (affirming summary dismissal of petitioner's claim that he was entitled to compassionate release

6   under Section 3076(d), because the assertion that state officials failed to follow state law "is not

7   cognizable" in federal court).

8     Amendment of the pleading is necessary, first and foremost to clearly frame the action as

9   either a civil rights suit challenging the conditions of plaintiff's confinement, or a federal habeas

10  petition challenging the fact or duration of plaintiff's confinement.  A civil rights action brought

11  pursuant to 42 U.S.C. § 1983 challenges the conditions of a prisoner's confinement and may seek

12  damages.  By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254

13  challenges a prisoner's conviction and/or sentence.  Habeas corpus is the exclusive remedy for a

14  prisoner seeking an immediate or speedier release from prison.  Preiser v. Rodriguez, 411 U.S.

15  475, 500 (1973).  On the other hand, "habeas jurisdiction is absent, and a § 1983 action proper,

16  where a successful challenge to a prison condition will not necessarily shorten the prisoner's

17  sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

18    The exhaustion requirements for each type of action are also different – a federal habeas

19  claim must first be exhausted in the state courts, Rose v. Lundy, 455 U.S. 509 (1982), while a

20  civil rights claim must first be exhausted through the institution's administrative grievance

21  system, see 42 U.S.C. § 1997e(a), and Booth v. Churner, 532 U.S. 731, 741 (2001).  Thus, despite

22  the liberality given pro se complaints, courts must be cautious in considering whether to convert a

23  civil rights complaint into a habeas corpus petition if doing so would "undermine and effectively

24  nullify the habeas corpus exhaustion requirement."  Preiser, 411 U.S. at 525 n.24.

25    The responding party is also different for each type of action.  The only proper respondent

26  in a petition for writ of habeas corpus is the state officer having custody of the petitioner (i.e., the

27  warden of the prison in which petitioner is incarcerated).  See 28 U.S.C. § 2254; Rule 2(a), Rules

28  Governing § 2254 Cases; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1    On the other hand, a civil rights complaint may name any individual defendant with an allegedly

2    direct role in the violation of plaintiff's federal constitutional or statutory rights.  See 42 U.S.C. §

3    1983.  Institutional defendants, like CDCR, are generally not proper defendants in a civil rights

4    damages action because they are not "persons" within the meaning of Section 1983 and are

5    generally immune from suit under the Eleventh Amendment, see Alabama v. Pugh, 438 U.S. 781,

6    782 (1978).  However, in a civil rights action for prospective injunctive relief, the Secretary of

7    CDCR, named in his official capacity, may be an appropriate defendant.  See e.g. Lacano

8    Investments, LLC v. Balash, 765 F.3d 1068, 1072 (9th Cir. 2014) (citing Ex parte Young, 209

9    U.S. 123 (1908)).

10          To the extent that plaintiff may be attempting to pursue a Section 1983 claim based on the

11    alleged deliberate indifference to his serious medical needs, he is informed of the following

12    standards for stating a cognizable Eighth Amendment claim:

13                    In the Ninth Circuit, the test for deliberate indifference consists of
                    two parts.  First, the plaintiff must show a serious medical need by
14                   demonstrating that failure to treat a prisoner's condition could result
                    in  further  significant  injury  or  the  unnecessary  and  wanton
15                   infliction of pain.  Second, the plaintiff must show the defendant's
                    response to the need was deliberately indifferent.  This second
16                   prong . . . is satisfied by showing (a) a purposeful act or failure to
                    respond to a prisoner's pain or possible medical need and (b) harm
17                   caused by the indifference.

18    Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation

19    marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v.

20    CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).  To state a claim for deliberate indifference to

21    serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard [ed]

22    an excessive risk to inmate health or safety; the official must both be aware of the facts from

23    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

24    draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

25          In addition, to state a cognizable claim under Section 1983, plaintiff must allege an actual

26    connection or link between the challenged conduct of a specific defendant and plaintiff's alleged

27    constitutional deprivation.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978);

28    Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a

1   constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act,

2   participates in another's affirmative acts or omits to perform an act which he is legally required to

3   do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743

4   (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into

5   causation must be individualized and focus on the duties and responsibilities of each individual

6   defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

7   (Citations omitted.)

8          For the foregoing reasons, the court must dismiss the original pleading and grant plaintiff

9   leave to file an amended pleading, framed either as an amended civil rights complaint or a

10   petition for writ of habeas corpus.  If plaintiff chooses to file an amended civil rights complaint,

11   he must demonstrate exhaustion of available administrative remedies, and name as defendants

12   only individuals who personally participated in allegedly depriving plaintiff of his federal

13   constitutional or statutory rights.  If plaintiff chooses to file a petition for writ of habeas corpus,

14   he must demonstrate exhaustion of his state court remedies, and name as respondent only the

15   warden of the facility in which he is incarcerated.  The complaint or petition must also identify

16   the specific relief sought.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1. The court defers consideration of plaintiff's application to proceed in forma pauperis.

19          2. The complaint is dismissed.

20          3. The Clerk of Court is directed to send plaintiff the forms used by prisoners in this

21   district for filing:  (1) a civil rights complaint, and (2) a petition for writ of habeas corpus.

22          4. Plaintiff may, within thirty days after the filing date of this order, submit an amended

23   pleading, prefaced by one of the forms provided herein by the Clerk of Court, and clearly

24   designated either an Amended Civil Rights Complaint or a Petition for Writ of Habeas Corpus.

25          5. Alternatively, if plaintiff concludes that he does not meet the requirements for pursuing

26   either a civil rights complaint or a petition for writ of habeas corpus, he may request the voluntary

27   dismissal of this action.

28   ////

6

1        6.  Failure to timely file an amended pleading will result in a recommendation that this

2   action be dismissed without prejudice.

3   DATED: April 23, 2015

4   _____

ALLISON CLAIRE

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28